[Civ. No. 4571. First Appellate District, Division Two.—May 28, 1923.]

R. ALBERTSON, Appellant, v. W. J. WESTLAKE et al., Defendants; BANK OF ITALY et al., Respondents.

[1] MORTGAGES—PRIOR DEED OF TRUST—EVIDENCE—FINDINGS.—In this action to foreclose a mortgage on real property, the evidence was sufficient to support the findings of the trial court that at the time of the making and delivery of the deed of trust in favor of 'the predecessor of the defendant bank, plaintiff, for a valuable consideration, entered into an agreement with said predecessor that he would waive and relinquish the priority of his mortgage over said deed of trust, that said deed of trust should be a prior and superior lien upon the real property in question, and that the lien of plaintiff's mortgage should be second or inferior to said deed of trust.

APPEAL from a judgment of the Superior Court of Alameda County. J. J. Trabucco, Judge. Affirmed.

The facts are stated in the opinion of the court.

Sawyer & Sawyer and F. W. Sawyer for Appellant.

Donahue, Hynes & Hamlin for Respondents.

NOURSE, J.—This is an appeal from a judgment in favor of defendants in an action to foreclose a mortgage on real property. The mortgage was executed by one Westlake to the plaintiff. Thereafter Westlake executed his deed of trust to the Citizens Bank of Fruitvale, predecessor of defendant Bank of Italy, covering the same property. This deed of trust was recorded prior to the recordation of the mortgage. [1] The trial court found that, at the time of the making and delivery of the deed of trust, the plaintiff, for a valuable consideration, entered into an agreement with the Citizens Bank that he would waive and relinquish the priority of his said mortgage over said deed of trust; that said deed of trust should be a prior and superior lien upon said real property, and that the lien of plaintiff's mortgage should be second or inferior to said deed of trust.

The only attack upon the judgment is based upon the ground that the evidence does not support these findings.

We have examined the record and find that there is sufficient evidence to support each finding under attack.

Judgment affirmed.

Sturtevant, J., and Langdon, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 26, 1923.